UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YOLANDA GORDON,

        CIVIL ACTION NO. 14-13839

    Plaintiff,

        DISTRICT JUDGE NANCY G. EDMUNDS

v.

        MAGISTRATE JUDGE R. STEVEN WHALEN

ENHANCED ACQUISITIONS
LLC, et al.,

    Defendants.
_____/

**ORDER TO SHOW CAUSE AND DENYING PLAINTIFF'S MOTION TO COMPEL [Doc. #9]**

On October 5, 2014, Plaintiff Yolanda Gordon filed suit in this Court, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (''FDCPA''). The docket shows that Defendants Scott Richmond and Lisa Smith have not been served. The time for service of a complaint and summons is 120 days from the filing of the complaint. Fed.R.Civ.P. 4(m). That time has long passed.

Further, while a Clerk's entry of default was entered against Defendant Enhanced Acquisitions LLC on June 8, 2015, *Docket #7,* Plaintiff has not yet filed a motion for default judgment.[1] As such, Plaintiff will show cause within 14 days why claims against this

---

[1] The certificate of service, *Docket #4,* indicates that Defendant Enhanced Acquisitions LLC was properly served under Rule 4(h)(1)(A) which permits service

Defendant should not be dismissed for failure to prosecute. *See Schafer v Johanson*, 2010 WL 4639073, *2 (E.D. Mich November 8, 2010)(Ludington, J.)(dismissal for failure to prosecute appropriate where plaintiffs' declined to request default judgment well after procuring entry of default).

Plaintiff's motion to compel discovery against Rodney A. Giove [Doc. #9] filed August 10, 2015 will be denied as premature. *See* Fed. R. Civ. P. 26(d)(1)("A party may not

---

in accordance with the law of the state in which service is effected.

> N.Y. C.P.L.R. 311–a (a) provides in relevant part as follows:
>
> Service of process on any domestic or foreign limited liability company shall be made by delivering a copy personally to (i) any member of the limited liability company in this state, if the management of the limited liability company is vested in its members, (ii) any manager of the limited liability company in this state, if the management of the limited liability company is vested in one or more managers, (iii) to any other agent authorized by appointment to receive process, or (iv) to any other person designated by the limited liability company to receive process, in the manner provided by law for service of a summons as if such person was a defendant.
>
> Plaintiff alleges that Defendant Giove is the "sole member" of Enhanced Acquisitions LLC. *Complaint* at ¶ 5. The certificate of service for Enhanced Acquisitions LLC states that the agent effected service at Defendant Rodney A. Giove's offices in the afternoon of December 16, 2014 through "Gerry Angelo." The certificate of service, on its face, appears to constitute proper service. "[F]ederal courts applying New York law have held that when a process server "'serves someone who does not have express authorization to accept service for a corporation, service is proper under N.Y.C.P.L.R. § 311 if it is made in a manner which, objectively viewed, is calculated to give the corporation fair notice of the suit.'" *Serv Solutions US, LLC v Autel US Inc,* 2013 WL 5701063, *7 (E.D. Mich October 18, 2013)(Berg, J.)(*citing Krape v. PDK Labs Inc.*, 194 F.R.D. 82, 85 (S.D.N.Y.1999)).

seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)" or otherwise authorized by the Court.)[2] However, the Court has noted Plaintiff's claim that he has tried without success to meet with Defendant Giove. Pursuant to notice of the pending Rule 16(b) conference, parties will be required to exchange initial disclosures "at least 21 days" before the Rule 16(b) conference. Rule 26(f)(1).

IT IS THEREFORE ORDERED that Plaintiff show cause in writing within 14 days of the date of this Order why Defendants Scott Richmond and Lisa Smith should not be dismissed without prejudice for failure to serve within the time limits set forth in Rule 4(m). Further, Plaintiff is ordered to show cause in writing within 14 days of the date of this Order why claims against Enhanced Acquisitions LLC should not be dismissed for failure to

---

[2] Defendant Rodney A. Giove's answer to the Complaint includes the affirmative defense that this Court does not have jurisdiction over him because he was not properly served. *Answer, Docket #5.* Fed.R.Civ.P. 4(e)(1) provides that service of process may be made "pursuant to the law of the state in which the district court is located, or in which service is effected." "Both Michigan and New York authorize service on an individual by personal delivery of the summons and complaint on a defendant." *Silver v Giles*, 2008 WL 227852, *1 (W.D. Mich. January 25, 2008); M.C.R. 2.105(A)(1); N.Y. C.P.L.R. § 308(1). Under Rule 4(e)(2), the individual may be served by "delivering a copy of the summons and of the complaint to the individual personally" or by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."

The certificate of service states that Defendant Giove was served at 8:52 a.m. on December 16, 2014. *Docket #3.* While Defendant Giove alleges that he was not properly served, he has not filed a motion for dismissal on that basis.

prosecute. Plaintiff's motion to compel [Doc. #9] is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

                                              s/R. Steven Whalen
                                              R. STEVEN WHALEN
                                              United States Magistrate Judge

Dated: October 5, 2015


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 5, 2015, electronically and/or by U.S. mail.

                                              s/C. Ciesla
                                              Case Manager