UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YOLANDA GORDON

    Plaintiff,

v.

ENHANCED ACQUISITIONS LLC, et al.,

    Defendants.
    _____/

Case No.14-13839

Honorable Nancy G. Edmunds

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [14]**

Before the Court is Plaintiff Yolanda Gordon's motion for default judgment pursuant to the clerk's entry of default. Plaintiff argues she is entitled to judgment against Defendant Enhanced Acquisitions LLC because it has failed to plead or otherwise defend this action. For the reasons and with the limitations stated below, the Court GRANTS Plaintiff's motion.

**I.   Facts**

After working in the United Arab Emirates for a year, Plaintiff returned to the United States in July 2014 for several weeks. (Dkt. 14, at 11-13.) Plaintiff states she returned home to several messages on her local phone, including "an extremely disturbing voicemail" from Defendant. (*Id.* at 11.) The voicemail, Plaintiff attests, stated a debt collector claimed to be at her residence attempting to serve her with a court summons. (*Id.* at 12.) She alleges the voicemail insisted that if she "did not make contact ... immediately, steps would be taken to file for [her] arrest." (*Id.*) Plaintiff claims this terrified her and as a result caused her to suffer headaches, nausea, embarrassment, excessive distress, and weight loss. (Dkt. 1, at ¶ 19; Dkt. 14, at 12-13.) She states she was fearful that she would

be "arrested at any given time" and that her "terror intensified" at the thought of going through U.S. Customs and Immigrations to return to her job overseas. (Dkt. 14, at 12-13.) Plaintiff alleges she is a "consumer" and Defendant is a "debt collector" as defined by the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.* and that the above-described conduct constitutes a violation of the statute. (Dkt. 1.)

## II. Standard

After the clerk issues an entry of default, a plaintiff may obtain a default judgment from the clerk "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). In all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Once default is entered, "well-pleaded allegations in the plaintiff's complaint, except those pertaining to the amount of damages, are taken as true." *McIntosh v. Check Resolution Serv., Inc.*, No. 10-14895, 2011 WL 1595150, at *3 (E.D. Mich. Apr. 27, 2011). Still, the Court must assess whether the factual allegations are legally sufficient to state the alleged cause of action. *Id.* Plaintiff must still establish the extent of her damages, as well. *See Hett v. Bryant Lafayette & Assocs., LLC*, No. 10-cv-12479, 2011 WL 740460, at *2 (E.D. Mich. Feb. 24, 2011).

## III. Analysis

Under the FDCPA, a debt collector is prohibited from engaging in conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. In addition, a debt collector may not "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

In light of the default entered by the clerk, Plaintiff's well-pleaded allegations are taken as true. (Dkt. 7) The Court finds the allegations set forth in Plaintiff's complaint and affidavit are sufficient to establish that Defendant violated the FDCPA in several ways. For example, the facts alleged and supporting evidence show that Defendant called Plaintiff and left a threatening voicemail, the natural consequence of which was to harass Plaintiff in connection with the collection of the alleged debt. *See* 15 U.S.C. § 1692d. In addition, as alleged, Defendant represented that nonpayment of the alleged debt would result in Plaintiff's arrest, where such action was not lawful and the debt collector did not intend to take such action. *See* 15 U.S.C. § 1692e(4). The Court is satisfied that Plaintiff's well-pleaded allegations, taken as true, establish a violation of the FDCPA.

### A. Statutory Damages

The FDCPA permits an award of statutory damages not to exceed $1,000. 15 U.S.C. § 1692k(a)(2). When deciding the amount of statutory damages to award, a court should consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b). Here, the Court finds the frequency and persistence of noncompliance was limited, but the nature of the noncompliance and the extent to which such noncompliance was intentional favor the full statutory award. The Court finds Plaintiff is entitled to statutory damages in the amount of $1,000.

### B. Emotional Distress Damages

The FDCPA also permits an award of "any actual damage sustained by such person" resulting from a defendant's failure to comply with the statute. 15 U.S.C. § 1692k(a)(1). This section was intended to include "damages for personal humiliation, embarrassment,

mental anguish, or emotional distress." *Hett*, 2011 WL 740460, at *3 (quotation omitted). Courts in this Circuit "generally allow recovery for emotional distress damages under the FDCPA." *Id.*

A court may conduct a hearing to determine the amount of damages, but a hearing is unnecessary where sufficient evidence has been submitted in support of the request. *McIntosh*, 2011 WL 1595150, at *4. Numerous courts have awarded damages for emotional distress caused by an FDCPA violation without a hearing, based on statements in the plaintiff's affidavit. *Id.* (collecting cases). Having read the affidavits submitted in support of the pending motion, the Court finds that an evidentiary hearing is unnecessary.

Taking the allegations in the complaint as true and further considering the assertions in the affidavits submitted, the Court concludes Plaintiff is entitled to *some* amount of damages for the emotional distress suffered, but an award of $25,000—the amount requested—is not supported. *See Harding v. Check Processing, LLC*, No. 5:10-CV-2359, 2011 WL 1097642 (N.D. Ohio Mar. 22, 2011) (awarding $5,000 for emotional distress caused by FDCPA violation where request for $25,000 was supported only by plaintiff's affidavit and no explanation for the amount requested). Plaintiff has not even attempted to explain how she arrived at the dollar amount requested. Nor has Plaintiff submitted any medical records or other evidence corroborating the emotional distress alleged. The affidavit submitted by Plaintiff's cousin swears she noticed a change in Plaintiff's mood and demeanor; however, this additional evidence is insufficient to justify the monetary award requested. (*See* Dkt. 18.) The Court determines an award of $3,000 would be sufficient to compensate Plaintiff for the emotional distress suffered.

C.  **Attorney's Fees and Costs**

Finally, a debt collector who fails to comply with the FDCPA may be liable for reasonable attorney's fees and costs. 15 U.S.C. 1692k(a)(3). To calculate a reasonable attorney's fee award, courts use the "lodestar method," which requires a court to multiply a reasonable hourly rate by the number of hours worked. *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010). The Court has broad discretion to determine what constitutes a reasonable rate. *Hett*, 2011 WL 740460, at *2 (quotation omitted).

Plaintiff requests $3,876.50 for attorney's fees and costs: $3,333 for 10 hours and 6 minutes in attorney's fees (at an hourly rate of $330/hour) and $543.50 for costs. (Dkt. 14, at 9.) Plaintiff presents documentation to support an award for costs in this amount. (Dkt. 14, at 21.) In addition, Plaintiff submits documentation establishing that her attorney, a solo practitioner, expended 10.1 hours on this litigation at an hourly rate of $330. (Dkt. 14, at 18-20.) This case was filed in October 2014—over one year ago. Since that time, Plaintiff's lawyer has made several filings (*e.g.*, the complaint, certificates of service, the motion for default judgment). The Court finds the hours billed and rate charged to be reasonable and necessary. The Court awards Plaintiff $3,876.50 for her attorney's fees and costs.

### IV. Conclusion

For the reasons stated, the Court GRANTS Plaintiff's motion for default judgment against Defendant Enhanced Acquisitions LLC and finds that Plaintiff is entitled to recover damages in the amount of $7,876.50 ($1,000 as statutory damages; $3,000 in actual damages; $3,876.50 in attorney's fees and costs).

                s/Nancy G. Edmunds  
                Nancy G. Edmunds  
                United States District Judge

Dated: November 23, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 23, 2015, by electronic and/or ordinary mail.

                        s/Carol J. Bethel
                        Case Manager