UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YOLANDA GORDON,

    Plaintiff,

v.

ENHANCED ACQUISITIONS LLC,
RODNEY A. GIOVE, SCOTT RICHMOND,
and LISA SMITH,

    Defendants.
    _____/

Case No. 14-13839

Honorable Nancy G. Edmunds

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [25]

    Plaintiff Yolanda Gordon moves for summary judgment against Defendant Rodney Giove.  For the following reasons, Plaintiff's motion is DENIED WITHOUT PREJUDICE.

    Plaintiff filed suit against Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA").  On October 15, 2015, Plaintiff voluntarily dismissed Defendants Scott Richmond and Lisa Smith.  (Dkt. 11)  On November 13, 2015, the Court entered default judgment against Defendant Enhanced Acquisitions LLC for $7876.50 (Dkt. 20), leaving Defendant Giove as the only remaining defendant.  Plaintiff now moves for summary judgment against Defendant Giove for all costs that have been awarded in this case, plus the cost of bringing this motion.

    Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).  The central inquiry is "whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In the Sixth Circuit, a plaintiff may hold a member of an LLC individually liable for violations of the FDCPA only if that member qualifies as a "debt collector" under the Act. *See Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 437-38 (6th Cir. 2008). The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts ..." 15 U.S.C. § 1692a(6). Therefore, to obtain relief, Plaintiff must allege "one crucial premise: that the defendant is 'personally liable on the basis of his participation in the debt collection activities of the [firm]." *Martin v. Trott Law, P.C.*, __ F. Supp. 3d. __, 2016 WL 3997029, at *13 (E.D. Mich. July 26, 1016) (quoting *Kistner*, 518 F.3d at 437).

Here, Plaintiff has not alleged that Defendant Giove has participated directly or indirectly in debt collection. Plaintiff only alleges that Defendant Giove has "an onwership interest, and/or interest in the income of Defendant Enhanced Acquisitions LLC." (Dkt. 25, at 1) Therefore, Plaintiff has not shown that she is entitled to judgment as a matter of law, and the Court DENIES WITHOUT PREJUDICE Plaintiff's motion for summary judgment.

So ordered.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: September 21, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 21, 2016, by electronic and/or ordinary mail.

        s/Carol A. Bethel
        Case Manager