UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YOLANDA GORDON,

    Plaintiff,

v.

ENHANCED ACQUISITIONS LLC, et al.,

    Defendants.
_____/

CIVIL ACTION NO. 14-13839

DISTRICT JUDGE NANCY G. EDMUNDS

MAGISTRATE JUDGE R. STEVEN WHALEN

**REPORT AND RECOMMENDATION**

On October 28, 2016, I ordered Defendant Rodney A. Giovi to show cause why I should not recommend sanctions against him, including entry of a default judgment, based on his repeated disregard of this Court's orders. Although I ordered Mr. Giovi to respond to the show cause order by November 10, 2016, he has not done so. I therefore recommend that the Court *sua sponte* (1) enter a default judgment against Mr. Giovi; (2) award Plaintiff statutory damages of $1,000.00 and emotional distress damages of $3,000; and (3) direct Plaintiff's counsel to provide documentation to establish the appropriate and reasonable amount of attorney's fees and costs to be paid by Mr. Giovi.

### I.    FACTS

In my show cause order [Doc. #29], I set forth the basic facts of Mr. Giovi's history of disregarding this Court's orders:

"On September 21, 2016, the Honorable Nancy G. Edmunds referred this case for a settlement conference [Doc. #27]. On September 22, 2013, I filed a notice to appear for settlement conference, setting a date and time of October 19, 2016 at 1:30 p.m. [Doc. #28]. A copy of the notice was mailed to Defendant Rodney A. Giove, who is appearing *pro se*.[1] Mr. Giove did not appear on the appointed date and time.

"Although Mr. Giove filed an answer to the complaint on January 9, 2015 [Doc. #5], he has apparently chosen not to participate in this litigation. On January 19, 2016, the Plaintiff filed a motion to compel answers to interrogatories [Doc. #21]. Mr. Giove did not respond to that motion, and did not appear at the motion hearing on March 1, 2016. On that date, my case manager called Mr. Giove's office three times, each time leaving a message regarding the scheduled hearing. Mr. Giove neither called back nor provided any information or excuse as to why he did not appear at the hearing. I granted the Plaintiff's motion on March 2, 2016. In my order [Doc. #24], I imposed Rule 37 sanctions of $250.00, ordered that the interrogatory answers be provided within 21 days, and stated, "Mr. Giove's failure to comply with this Order will result in further sanctions, which may include granting Plaintiff a default judgment."

"On April 18, 2016, Plaintiff filed a motion for summary judgment [Doc. #25], accompanied by her attorney's affidavit stating that Mr. Giove had not complied with the Court's discovery order. The motion also states that "[c]ounsel for Plaintiff has...left numerous phone messages for Mr. Giove. Mr. Giove has never responded." Mr. Giove did not respond to the Plaintiff's summary judgment motion. On September 21, 2016, the Court denied the motion without prejudice [Doc. #26], and on the same date referred the case for a settlement conference [Doc. #27]."

I ordered Mr. Giove to respond by November 10, 2016, and to show cause "why I should not impose or recommend sanctions against him, including entry of a default judgment and/or an order finding him in contempt of court." And once again, he has failed to comply with an order of this Court.

---

[1] Mr. Giove is himself an attorney.

## II. LEGAL PRINCIPLES

While there is no specific Federal Rule or statute that provides for entry of a default judgment against a party who disobeys judicial orders, the Court may do so pursuant to its broad inherent authority to protect the integrity of the judicial process and guard against abuses. In *Dell, Inc. v. Advicon Computer Servs., Inc.*, 2007 WL 2021842, at *5-6 (E.D. Mich. July 12, 2007), Judge Lawson explained the reach of the Court's power to enter a default judgment in cases of a party's egregious and repeated disregard of court orders:

> "Although Federal Rule of Civil Procedure 37(b)(2)(C) authorizes the Court to enter default judgment as a discovery sanction, there is no Rule or statute that authorizes entry of default judgment based on a party's failure to obey court orders in general. Nevertheless, it is well-established that a federal court has the inherent authority to grant such relief when the circumstances warrant as much. See *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304-06 (11th Cir.2006) (upholding entry of default judgment as proper use of court's inherent authority where party failed to respond to court orders, failed to appear before the court, and failed to engage in court-ordered discovery); *Thomas, Head, & Griesen Employees Trust v. Buster*, 95 F.3d 1449, 1457-59 (9th Cir.1996) (upholding entry of default judgment based on inherent authority where party completely ignored the terms of an injunctive order and other court orders); *Shepherd v. American Broadcasting Cos., Inc.*, 62 F.3d 1469, 1472 (D.C.Cir.1995) ('As old as the judiciary itself, the inherent power enables courts to protect their institutional integrity and to guard against abuses of the judicial process with contempt citations, fines, awards of attorneys' fees, and such other orders and sanctions as they find necessary, including even dismissals and default judgments.'); see also *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47-50, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (discussing the broad scope of a court's inherent authority)."

When entry of a default judgment is being considered as a discovery sanction

under Fed.R.Civ.P. 37(b)(2)(C), the Court examines four factors: (1) whether the conduct at issue was the result of willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the disobedient party's conduct; (3) whether the disobedient party was warned that failure to cooperate could lead to default judgment; and (4) whether less drastic sanctions were imposed or considered before entry of default judgment. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir.1990) (citing *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154-55 (6th Cir.1988)).

The same analytical framework is appropriate in assessing whether entry of a default judgment is the appropriate sanction for disobedience of judicial orders. *Dell, Inc. v. Advicon Computer Servs., Inc*., at *6 ("The Court finds that [the Rule 37] factors apply equally to a default judgment entered under its inherent authority.").

### III. DISCUSSION

#### A. Willfulness or Bad Faith

It is impossible to characterize Mr. Giovi's conduct in this case (or lack thereof) as anything other than willful and contumacious. He has failed to cooperate in discovery, even when I granted Plaintiff's motion to compel. He has failed to communicate with Plaintiff's counsel, failed to respond to telephone calls from my case manager when he did not appear for a scheduled hearing, and failed to pay the discovery sanctions that I ordered. He did not respond to the Plaintiff's motion for summary judgment, and did not appear for a scheduled settlement conference. As I wrote in my order to show cause,

"Simply ignoring the Court's orders–be they orders to produce discovery, pay sanctions, or appear for conferences–is not an option." Mr. Giove's conduct is all the more troubling because he is an attorney who should know better. This factor weighs strongly in favor of entering a default judgment.

### B. Prejudice to the Opposing Party

The Plaintiff's ability to proceed with this litigation has been completely frustrated by Mr. Giovi's intransigence. Plaintiff has not received discovery, and has been stymied even in the ability to discuss a settlement. The prejudice to the Plaintiff is manifest.

### C. Whether Defendant was Warned

When I granted Rule 37 discovery sanctions [Doc. #24], I warned Mr. Giove that his failure to comply with my order could result in entry of a default judgment against him. He failed to comply with my order. When I entered my show cause order [Doc. #29], I directed Mr. Giove to show cause in writing by November 10, 2016 why I should not recommend sanctions, including entry of a default judgment. He has not done so.

Mr. Giove has been warned twice of the possibility of a default judgment. This factor weighs in favor of that sanction.

### D. Whether Less Drastic Sanctions were Imposed

In addition to being warned that a default judgment was in the cards, Mr. Giove was previously given the lesser sanction of a monetary fine in my order [Doc. #24] granting Plaintiff's motion to compel discovery.

All four factors strongly support the imposition of a default judgment against Mr. Giove. Enough is enough. No lesser sanction will suffice; Mr. Giove has shown no inclination to participate in this litigation or to comply with this Court's orders.

### E. Damages

In its order granting a default judgment against Defendant Enhanced Acquisitions LLC [Doc. #19], the Court assessed statutory damages in the amount of $1,000.00 under the Federal Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq*, and actual damages for emotional distress in the amount of $3,000.00. The Court's reasoning in that order supports a finding of the same amount for those two categories of damages as to Mr. Giove.

The amount of costs and attorney fees, however, may not be the same, particularly given the additional time that Plaintiff's counsel was likely required to expend owing to Mr. Giove's failure to cooperate in the litigation. Plaintiff's counsel should therefore be directed to submit a bill of costs and a request for attorney fees and costs.

## IV. CONCLUSION

For these reasons, I recommend that under its inherent authority, the Court (1) enter a default judgment against Mr. Giovi, (2) award Plaintiff statutory damages of $1,000.00 and emotional distress damages of $3,000; and (3) direct Plaintiff's counsel to provide documentation to establish the appropriate and reasonable amount of attorney's fees and costs to be paid by Mr. Giovi.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: May 11, 2017

## CERTIFICATE OF SERVICE

I hereby certify on May 11, 2017, that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants.

s/Carolyn Ciesla
Case Manager to
Magistrate Judge R. Steven Whalen